IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Douglas Resenbeck | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:17-cv-50194 |
| v. | ) | |
| | ) | **Jury Demanded** |
| Woodward Inc. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, DOUGLAS RESENBECK, by and through his attorneys, JENSEN LAW OFFICE, LLC, and hereby sets forth his Complaint, in the alternative where appropriate, against Defendant, Woodward Inc. (hereinafter "Woodward" or "Defendant") and states as follows:

### Parties

1. Plaintiff, Douglas Resenbeck, resides at 4230 Sparrow Hawk Drive, Loves Park, Illinois 61111.

2. Defendant, Woodward Inc. is a Delaware Corporation doing business in Illinois, including without limitation at 5001 N. Second Street, Loves Park, Illinois 61111.

### Jurisdiction

3. Jurisdiction appropriately rests with this Court as this action arises under the laws of the United States, specifically the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* and the Family Medical Leave Act, 29 U.S. § 2601 *et seq.* Jurisdiction is therefore proper pursuant to 28 U.S.C. § 1331.

1

4. Venue is proper under 28 U.S.C. § 1391 as the complained of conduct occurred within the Northern District of Illinois.

## Allegations Common to all Counts

5. Plaintiff, Douglas Resenbeck, began working at Woodward on or about January of 1989 as an electronics technician, received numerous promotions thereafter and was ultimately promoted to a level 4 technician, the highest level assigned to this position.

6. At all times relevant, Plaintiff suffered from post-traumatic stress disorder.

7. On or about March of 2015, Plaintiff put his supervisor on notice that his medical condition prevented him from working more than 8 hours per day. Plaintiff provided his supervisor with a note from the Defendant's employed company doctor verifying Plaintiff's need to be restricted to an 8 hour work day.

8. Defendant initially granted Plaintiff his requested accommodation.

9. Thereafter, Plaintiff worked an 8 hour work day without incident until on or about August of 2015.

10. On or about August of 2015, Plaintiff was assigned a new supervisor, April Toland.

11. Plaintiff informed Ms. Toland that because of his medical condition he could not work more than 8 hours per day. Ms. Toland indicated that she was aware of the restriction.

12. Almost immediately thereafter, Ms. Toland let Plaintiff know that she was unhappy with the 8 hour per day work restriction.

13. Thereafter, Ms. Toland began to treat Plaintiff differently than similarly situated employees who were not disabled and/or employees who did not request an accommodation including, without limitation:

    a. Repeatedly questioning him amount the amount of work he was completing;

2

    b.  Failing to provide him with training;

    c.  Requiring Plaintiff to fill out a daily spreadsheet detailing how much he accomplished on each project per day, a requirement that was supposed to apply to all technicians, but was only being enforced by Ms. Toland against Plaintiff.

14. On or about September of 2015, despite the fact that Plaintiff had not received any write-ups, disciplinary action or poor performance evaluations, April Toland told Plaintiff that he either had to accept a demotion to a level 2 technician or be placed on a "performance improvement plan." She informed him that the reason for this action was because he was too slow and others had to carry a larger load.

15. Ms. Toland informed Plaintiff that if he took the demotion he would be evaluated according to the lower level job requirements, that this would result in less onerous production requirements, and she strongly suggested that he accept the demotion.

16. Plaintiff accepted the demotion to a level 2 technician on or about September of 2015.

17. On or about December of 2015, Ms. Toland did an annual performance evaluation on Plaintiff, despite the fact that she had only been his supervisor for less than four months. Ms. Toland evaluated Plaintiff poorly. The alleged basis for the poor evaluation was pretextual and was not borne out by Plaintiff's quality and quantity of production and was not in accordance with the job requirements of a level 2 technician.

18. In January of 2016, Plaintiff filed a complaint with Defendant's Human Resources Department stating that he believed that he was being discriminated against because of his medical disability and because he was limited to working an 8 hour day.

19. On or about March 20, 2016, shortly after allegedly completing an investigation into Plaintiff's complaints of discrimination, Plaintiff was informed that he was being placed on a performance improvement plan.

20. Despite successfully completing the performance improvement plan on or about April of 2016, Plaintiff was put on another performance improvement plan in May which he successfully completed later that month. Despite successfully completing both performance improvement plans, Plaintiff was placed on a third performance improvement plan in late May of 2016.

21. Plaintiff filed a Complaint with the Equal Employment Opportunity Commission ("EEOC") on June 1, 2016, alleging Woodward discriminated against him in violation of the Americans with Disabilities Act. 42 U.S.C. § 12101 *et seq*.

22. On or about June 14, 2016, the EEOC sent notice to Defendant of Plaintiff's charge of discrimination.

23. On August 25, 2016, Woodward terminated Plaintiff. Contemporaneous with his termination, Woodward asked Plaintiff to sign a release of his pending EEOC Complaint.

**Count I: Retaliation in Violation of the Americans with Disabilities Act**.

24. Plaintiff repeats and realleges the allegations in paragraphs 5 through 23 as if fully set forth herein.

25. Plaintiff's request to be limited to an eight hour day was a request for a modified work schedule which is a reasonable accommodation under the Americans with Disabilities Act.

26. Defendant retaliated against Plaintiff for engaging in the statutorily protected activity of requesting a reasonable accommodation by:

a. Constructively demoting him and decreasing his pay;

b. Placing him on multiple performance improvement plans;

c. Subjecting him to differing terms and conditions of employment than other similarly situated employees;

d. Terminating Plaintiff's employment.

27. Plaintiff timely filed a complaint with the EEOC and the EEOC mailed Plaintiff a Notice of Right to Sue on his claims of retaliation under the Americans with Disabilities Act.

28. Plaintiff has timely filed this suit within 90 days of receipt of the above referenced Right to Sue letter.

WHEREFORE, Plaintiff, Douglas Resenbeck, asks that judgment be entered in his behalf on and against Defendant, Woodward Inc. on the counts above as follows:

a) Reinstating Plaintiff to his original position maintained prior to his demotion at Woodward Inc. or an equivalent open position;

b) Making Plaintiff whole by assessing damages for all lost salary, benefits, future earnings, stigma damages, and other compensation;

c) Awarding interest at the prevailing rate on the above damages;

d) Awarding reasonable attorney's fees and costs; and

e) For any other relief this Court deems just and proper.

**Count II: Retaliation Under the Americans with Disabilities Act – Complaining of Illegal Conduct**

29. Plaintiff repeats and realleges the allegations contained in paragraphs 5 through 23 above as if fully set forth herein.

5

30. Plaintiff reasonably and in good faith believed that he had been discriminated against on the basis of his disability and his request for an accommodation.

31. Based on his good faith belief that he had been discriminated against on the basis of his disability and his request for an accommodation, Plaintiff filed a complaint with the Defendant's Human Resources Department.

32. Defendant retaliated against Plaintiff for voicing his complaints of disability discrimination to the Defendant's Human Resources Department by:

    a. Placing him on multiple performance improvement plans;

    b. Subjecting him to differing terms and conditions of employment than other similarly situated employees;

    c. Terminating plaintiff's employment.

33. Plaintiff timely filed a complaint with the EEOC and the EEOC mailed Plaintiff a Notice of Right to Sue on his claims of retaliation under the Americans with Disabilities Act.

34. Plaintiff has timely filed this suit within 90 days of receipt of the above referenced Right to Sue letter.

    WHEREFORE, Plaintiff, Douglas Resenbeck, asks that judgment be entered in his behalf on and against Defendant, Woodward Inc. on the counts above as follows:

    a) Reinstating Plaintiff to his original position maintained prior to his demotion at Woodward Inc. or an equivalent open position;

    b) Making Plaintiff whole by assessing damages for all lost salary, benefits, future earnings, stigma damages, and other compensation;

    c) Awarding interest at the prevailing rate on the above damages;

    d) Awarding reasonable attorney's fees and costs; and

     e) For any other relief deemed proper.

**<u>Count III: Retaliation for filing a Complaint with the EEOC</u>**

35. Plaintiff repeats and realleges the allegations contained in paragraphs 5 through 23 above as if fully set forth herein.

36. Plaintiff reasonably and in good faith believed that he had been discriminated against on the basis of his disability and his request for an accommodation and that he had been retaliated against based on his complaints of discrimination.

37. Based on his good faith belief that he had been discriminated against on the basis of his disability and his request for an accommodation and that he had been retaliated against based on his complaints of discrimination, Plaintiff filed a complaint with the Equal Employment Opportunity Commission.

38. Defendant retaliated against Plaintiff for filing his complaint with the Equal Employment Opportunity Commission by:

    a. Placing him on multiple performance improvement plans;

    b. Subjecting him to differing terms and conditions of employment than other similarly situated employees;

    c. Terminating plaintiff's employment.

39. Plaintiff timely filed a complaint with the EEOC and the EEOC mailed Plaintiff a Notice of Right to Sue on his claims of retaliation under the Americans with Disabilities Act.

40. Plaintiff has timely filed this suit within 90 days of receipt of the above referenced Right to Sue letter.

WHEREFORE, Plaintiff, Douglas Resenbeck, asks that judgment be entered in his behalf on and against Defendant, Woodward Incorporated, on the counts above as follows:

a) Reinstating Plaintiff to his original position maintained prior to his demotion at Woodward Inc. or an equivalent open position;

b) Making Plaintiff whole by assessing damages for all lost salary, benefits, future earnings, stigma damages, and other compensation;

c) Awarding interest at the prevailing rate on the above damages;

d) Awarding reasonable attorney's fees and costs; and

e) For any other relief deemed proper.

**Count IV: Disability Discrimination**

41. Plaintiff repeats and realleges the allegations contained in paragraphs 5 through 23 above as if fully set forth herein.

42. Post-traumatic stress disorder is a disability under the Americans with Disabilities Act. 42 U.S.C. § 12102.

43. Despite his disability, Plaintiff could perform the essential functions of his job with a reasonable accommodation.

44. Defendant discriminated against Plaintiff based on his disability or perceived disability by:

a. Constructively demoting him and cutting his pay;

b. Placing him on multiple performance improvement plans;

c. Subjecting him to differing terms and conditions of employment than other similarly situated non-disabled employees;

d. Failing to provide him with a reasonable accommodation;

e. Failing to engage in an inter-active process to ensure that Plaintiff receive a reasonable accommodation;

8

f. Terminating plaintiff's employment.

45. Defendant's actions against Plaintiff as set forth above were undertaken with malice or with reckless indifference to his federally protected rights.

46. Plaintiff timely filed a complaint with the EEOC and the EEOC mailed Plaintiff a Notice of Right to Sue on his claims of disability discrimination under the Americans with Disabilities Act.

47. Plaintiff has timely filed this suit within 90 days of receipt of the above referenced Right to Sue letter.

WHEREFORE, Plaintiff, Douglas Resenbeck, asks that judgment be entered in his behalf on and against Defendant, Woodward Inc. on the counts above as follows:

a) Reinstating Plaintiff to his original position maintained prior to his demotion at Woodward Inc. or an equivalent open position;

b) Making Plaintiff whole by assessing damages for all lost salary, benefits, future earnings, stigma damages, and other compensation;

c) Awarding interest at the prevailing rate on the above damages;

d) Awarding compensatory damages for Plaintiff's emotional distress and pain and suffering;

e) Awarding punitive damages:

f) Awarding reasonable attorney's fees and costs; and

g) For any other relief deemed proper.

**Count V: Violations under the Family Medical Leave Act**

48. Plaintiff repeats and realleges the allegations contained in paragraphs 5 through 23 above as if fully set forth herein.

49. Douglas Resenbeck worked for Woodward Inc. in excess of 1,250 hours for each of the two year periods prior to his termination on August 25, 2016.

50. At all relevant times Woodward employed more than 50 employees.

51. Plaintiff currently, and at all relevant times, suffers from post-traumatic stress disorder (PTSD), a serious, chronic health condition under the Family Medical Leave Act. 29 U.S. § 2611.

52. Plaintiff sought medical, psychiatric and psychological treatment for his PTSD while working at Woodward and continues to do so.

53. Plaintiff's request on or about March of 2015 and again on or about March of 2016 to be limited to an eight hour day based on his serious, chronic medical condition put Defendant on notice that he was requesting intermittent leave under the Family and Medical Leave Act.

54. Defendant retaliated against Plaintiff for exercising his rights under the Family and Medical Leave Act and interfered with his right to take Family and Medical Act Leave by:

    a. Constructively demoting him and decreasing his pay;

    b. Placing him on multiple performance improvement plans;

    c. Subjecting him to differing terms and conditions of employment than other similarly situated employees;

    d. Terminating plaintiff's employment.

WHEREFORE, Plaintiff, Douglas Resenbeck, asks that judgment be entered in his behalf on and against Defendant, Woodward Inc. on the counts above as follows:

a) Reinstating Plaintiff to his original position maintained prior to his
demotion at Woodward Inc. or an equivalent open position;

b) Making Plaintiff whole by assessing damages for all lost salary, benefits,
future earnings, stigma damages, and other compensation;

c) Awarding interest at the prevailing rate on the above damages;

d) Awarding liquidated damages;

e) Awarding reasonable attorney's fees and costs; and

f) For any other relief deemed proper.


## JURY TRIAL DEMAND

Plaintiff requests a trial by jury.

Respectfully Submitted,

/s/ Lisa A. Jensen_____
Lisa A. Jensen
Attorney for Plaintiff, Douglas Resenbeck

Lisa A. Jensen #6196011
Christopher Michels #6324352
Jensen Law Office, LLC
308 West State Street, Suite 115
Rockford, IL 61101
P: (815) 986-0810
ljensen@jensenlawofficellc.com